MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
90 Park Avenue, Suite 1700
New York, New York 10016
(212) 786-7368 (phone)
(212) 786-7369 (fax)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

| | |
|---|---|
| MATIAS MERCEDES, | **COMPLAINT** |
| *Plaintiff*, | **06 CV 924** |
| -against- | **Jury Trial Demanded** |
| LEMAGE INC. d/b/a QUARTINO RESTAURANT, FREDERICO MANFREDI & PAOLO MANFREDI, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Matias Mercedes ("Plaintiff" or "Mercedes"), by and through his attorneys, Michael Faillace & Associates, P.C., complain of Defendant Lemage Inc. d/b/a Quartino Restaurant, Frederico Manfredi, and Paolo Manfredi, as follows:

**NATURE OF ACTION**

1. From on or about November 2000 to the present, Plaintiff Matias Mercedes has been employed as a food preparation employee in the kitchen of Quartino, a restaurant that is owned and operated by Defendants Lemage Inc., Frederico Manfredi, and Paolo Manfredi.

2. Defendants have maintained a policy and practice of requiring Plaintiff to work in excess of forty hours per week without paying him the providing the compensation required by federal and state laws.

3. Plaintiff now brings this action to recover unpaid overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and the "spread of hours" wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2005) (herein the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

5. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendants reside in this district and Plaintiff has been employed by Defendants in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

## THE PARTIES

7. Plaintiff Matias Mercedes is an adult individual residing in New York City, New York County.

8. Defendant Lemage Inc., which operates under the trade name Quartino, is a corporation organized and existing under the laws of the State of New York. Lamage Inc. owns

and operates Quartino, an Italian restaurant located at 21 Peck Slip, New York, New York 10038.

9. Upon information and belief, Defendant Frederico Manfredi is an individual engaged in business in the City and County of New York. He is sued individually in his capacity as an owner, officer and/or agent of Defendant Lemage Inc. Frederico Manfredi has the powers to hire and fire employees, set their wages, set their schedules and maintain their employee records.

10. Upon information and belief, Defendant Paolo Manfredi is an individual engaged in business in the City and County of New York. Paolo Manfredi, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Lemage Inc., resides at 11 Bleecker Street #3, New York, New York 10012-2402. Paolo Manfredi, the manager of Quartino, has the powers to hire and fire employees, set their wages, set their schedules and maintain their employee records.

**FACTUAL ALLEGATIONS**

11. Quartino is a lively osteria and wine bar in a historic building near the South Street Seaport that specializes in the regional cuisine of Genoa and Liguria. Quartino's menu reflects the deliberate simplicity of Liguria's coastal cuisine and the restaurant proclaims that it utilizes top flight ingredients: the Parmigiano is Reggiano, the prosciutto is from Parma, the tuna comes from Sicily, the chickpea flour for the farinata and the stracchino for the focaccia al fornaggio are imported from Liguria, and the olive oil comes straight from one of the owners' olive groves in Italy.

12.     In or about June 2004, Defendants opened Quartino Bottega Organica, a 25-seat spinoff of Quartino at 11 Bleecker Street. The menu at Quartino Bottega Organica is substantially the same as Quartino.

13.     Defendants have at least two employees individually engaged in commerce and had an annual gross volume of sales in excess of $500,000 for each year relevant to this action.

*Plaintiff's Hours of Employment and Compensation*

14.     Plaintiff has been employed by Defendants as a food preparation employee from November 2000 to the present. Plaintiff's primary responsibility is to prepare salads, cakes and cookies for the restaurant, but he has also performed other tasks such as cooking pasta. At all relevant times, Plaintiff was employed in the kitchen of the Quartino restaurant at 21 Peck Slip.

15.     Defendants Frederico Manfredi and Paolo Manfredi supervised Plaintiff, had the power to hire and fire Plaintiff, controlled his terms and conditions of employment, and determined the rate and method of his compensation.

16.     From November 2000 until April 2001, Plaintiff worked approximately 68.50 hours per week. During this time period, he worked from 10:50 A.M. until 11:00 P.M. on Mondays through Wednesdays, and from 10:50 A.M. until 11:30 P.M. on Thursdays through Saturdays. Defendants compensated him on a salary basis, paying him about $ 683 each week.

17.     From April 2001 until June 2002, Plaintiff worked approximately 67.50 hours per week: he worked from 10:50 A.M. to 11:00 P.M. Mondays and Tuesdays, 10:50 A.M. to 11:30 P.M. Thursdays through Saturdays, and 10:50 A.M. to 10:00 P.M. on Sundays. During this time period, Defendants continued to compensate Plaintiff on a salary basis, but issued him a biweekly paycheck of $ 1,365.29.

18. From June 2002 until August 2005, Plaintiff worked approximately 56 hours per week: he worked from 10:50 A.M. to 11:00 P.M. Mondays and Tuesdays, 10:50 A.M. to 11:30 P.M. on Thursdays and Fridays, and 10:50 A.M. to 10:00 P.M. on Sundays. During this time period, Defendants compensated Plaintiff on a salary basis and issued him a biweekly paycheck of $1,183.96.

19. In August 2005, Plaintiff complained to Defendants about his lack of overtime hours. Instead of paying him the overtime, Defendants reduced his hours. Since August 2005, Plaintiff has worked approximately 51.25 hours per week: he works from 11:45 A.M. to 10:00 P.M. Mondays and Tuesdays, 11:45 A.M. to 11:30 P.M. on Thursdays and Fridays, and 11:45 A.M. to 10:00 P.M. on Sundays. During this time period, Defendants compensated Plaintiff on a salary basis and issued him a biweekly paycheck of $1,183.96.

*Defendants' Numerous Recordkeeping Violations and
Unlawful Labor Practices Demonstrate Willfulness*

20. At no time during the course of this action did Plaintiff ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

21. Defendants did not pay Plaintiff within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay Plaintiff in a timely fashion, in violation of N.Y. Lab. Law § 191(1)(a)(i).

22. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by neglecting to maintain accurate timesheets and payroll records. Specifically, Defendant neglected to maintain

records indicating the number of hours Plaintiff worked each day and the total number of hours he worked each workweek.

23. Defendants failed to furnish Plaintiff with a statement with "every payment of wages, listing gross wages, deductions and net wages," in violation of N.Y. Lab. Law § 195.

24. Defendants have denied Plaintiff time off for meals and breaks in violation of New York State Labor Law § 162.2. Prior to August 2005, Plaintiff did not receive the additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE FAIR LABOR STANDARDS ACT OF 1938**

25. Plaintiff repeats and realleges all the paragraphs above.

26. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting commerce.

27. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

28. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

29. Defendants intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

30. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

31. Plaintiff has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### NEW YORK LABOR LAW

32. Plaintiff repeats and realleges all the paragraphs above.

33. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

34. Defendants willfully failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

35. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

36. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

37. Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
### THE NEW YORK COMMISSION OF LABOR

38. Plaintiff repeats and realleges all the paragraphs above.

39. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

40. Defendants' failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

41. Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants have violated the overtime provisions of the FLSA and New York Labor Law;

(b) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c) Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(d) Awarding Plaintiff damages for the amount of unpaid overtime premiums and spread of hours pay under the FLSA, New York Labor Law, and the Spread of Hours Wage Order of the New York Commission of Labor;

(e) Awarding Plaintiff liquidated damages owed pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198;

(f) Awarding Plaintiff prejudgment interest;

- 9 -

(g)  Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

(h)  For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:  New York, New York
        February 6, 2006

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____S/_____
    Michael Faillace [MF-8436]
    90 Park Avenue, Suite 1700
    New York, New York 10016
    (212) 786-7368 (phone)
    (212) 786-7369 (fax)
    *Attorneys for Plaintiff*